22-6144 (L)
*Salmeron v. Garland*

BIA
A206 487 485

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of September, two thousand twenty-four.

PRESENT:
>
> RICHARD J. SULLIVAN,
> STEVEN J. MENASHI,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

WALMER SALMERON, a.k.a. ENRICO PALLAZO, a.k.a. ENRIQUE ROSALES,
>
> *Petitioner*,

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>
> *Respondent*.

No. 22-6144 (L),
No. 22-6302 (Con)
NAC

_____

FOR PETITIONER:         Zoey Jones, Brooklyn Defender Services, Brooklyn, NY; Allen Burton, Ethan Scapellati, Redwan Saleh, Anna Xie, O'Melveny & Myers LLP, New York, NY.

FOR RESPONDENT:       Brian M. Boynton, Principal Deputy Assistant Attorney General; Anthony C. Payne, Assistant Director; Jeffery R. Leist, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of these consolidated petitions for review of the decisions of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioner Walmer Salmeron, a native and citizen of Nicaragua, seeks review of the March 11, 2022 and June 15, 2022 decisions of the BIA denying his motions to reopen.[1]  *In re Walmer Salmeron*, No. A 206 487 485 (B.I.A. Mar. 11 & June 15, 2022).  We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion and

---

[1] To the extent Salmeron moves for reconsideration of the denial of his first motion to reopen, he does not separately challenge the denial of reconsideration, and his arguments are subsumed in his challenges to the denial of his motions to reopen.

its findings regarding country conditions for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). Typically, "[a]n alien may file one motion to reopen proceedings," 8 U.S.C. § 1229a(c)(7)(A), that "shall be filed within 90 days of the date of entry of a final administrative order of removal," *id.* § 1229a(c)(7)(C)(i); *see also* 8 C.F.R. § 1003.2(c)(2). It is undisputed that Salmeron's first motion to reopen was untimely because he filed it in September 2020, more than ten months after the BIA's order of removal became final in October 2019, and that his second motion was thus both untimely and number-barred. These time and number limitations do not apply, however, where the motion to reopen is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

Salmeron's initial applications for asylum, withholding of removal, and relief under the Convention Against Torture were premised primarily on the harm his family had suffered in Nicaragua at the hands of the Zavala family, whose members had killed his mother and attacked his brothers in 2014. The agency

3

denied Salmeron's applications because he failed to show that the government of Nicaragua was unable or unwilling to protect him from the Zavala family. We denied Salmeron's petition for review, finding no error in the agency's conclusions. *See generally Salmeron v. Garland*, 860 F. App'x 198 (2d Cir. 2021); *see also Singh v. Garland*, 11 F.4th 106, 114–15 (2d Cir. 2021) ("Under the unwilling-or-unable standard, a finding of persecution ordinarily requires a determination that government authorities, if they did not actually perpetrate or incite the persecution, condoned it or at least demonstrated a complete helplessness to protect the victims." (internal quotation marks omitted)).

In his motions to reopen, Salmeron asserted material changed conditions in Nicaragua based on the continued attacks by the Zavala family on members of his family – in particular, the stabbing of his brother in 2019 and murder of his nephew in 2021 – and the increased corruption and worsening political conditions in Nicaragua. Accordingly, he was required to present evidence of a change material to his claim – *i.e.*, a change that undermines the agency's (and our) prior determination that he failed to establish that the government was unwilling or unable to protect him.

4

We find no abuse of discretion in the BIA's denial of Salmeron's motions to reopen, based on its determination that he failed to demonstrate changed conditions in Nicaragua material to his claim for relief. In considering evidence of changed country conditions, the agency must "compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *Tanusantoso v. Barr*, 962 F.3d 694, 698 (2d Cir. 2020) (internal quotation marks omitted). An applicant, moreover, "carr[ies] the heavy burden of demonstrating that the proffered new evidence would likely alter the result in h[is] case." *Jian Hui Shao*, 546 F.3d at 168 (internal quotation marks omitted). The BIA abuses its broad discretion when it "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146 (2d Cir. 2007) (internal quotation marks omitted).

To begin, Salmeron's asserted new country conditions evidence reflects a degree of police corruption that already existed at the time of Salmeron's original proceedings. The State Department reports from the time of his hearing, as well as those from 2018 and 2020, noted "widespread corruption" in the country, a politicized police force, and a judicial system that "remain[s] particularly

5

susceptible to bribes, manipulation, and other forms of corruption." *Compare* Certified Admin. Record at 969–70, 987, *with id.* at 56–57, 82, 398–99. To be sure, the 2018 and 2020 reports do show some worsening conditions, especially with respect to human rights abuses perpetrated by those who supported the ruling party against those who opposed the regime. But as the BIA noted, Salmeron does not allege that he is a political opponent of the regime, nor did he present specific evidence to suggest that the government would respond differently to the attacks against his family than it did in the past.

At most, Salmeron argues that the continued attacks on his family, together with the increase in corruption that enables the Zavala family to act with impunity, combine to establish a material change for the worse in Nicaragua since his 2017 hearing. As support for this argument, he maintains that the Nicaraguan police did far less to investigate the attack on his brother in 2019 and the murder of his nephew in 2021 than they did to investigate the murder of his mother in 2014. But the evidence to which Salmeron refers are affidavits from his brothers that generally assert that the police "do nothing" in response to their complaints, Certified Admin. Record at 46; *see also id.* at 277, without any specific details as to when they followed up on the investigations and how the police responded. *See*

6

*Jian Hui Shao*, 546 F.3d at 157–58 ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision."). Moreover, Salmeron points to no evidence that the authorities knew about the specific attack on his brother and declined to act, or would decline to act if they had such knowledge. Without more, Salmeron's evidence suggests only a "government failure to act on a particular report of an individual crime, or difficulty controlling private behavior," *Scarlett v. Barr*, 957 F.3d 316, 331 (2d Cir. 2020) (alterations accepted and internal quotation marks omitted) – not any change material to the government's willingness and ability to protect him. We therefore cannot say that the agency's determination was arbitrary or capricious, or devoid of rational explanation. *See Ke Zhen Zhao v. U.S. Dep't of Just.*, 265 F.3d 83, 93 (2d Cir. 2001); *see also Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007) ("So long as there is a basis in the evidence for a challenged inference, we do not question whether a different inference was available or more likely.").

For the foregoing reasons, the petitions for review are DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7